AUG 1 7 2009

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------- x
CHARLES J. SPELL,

     Plaintiff,  : 09 Civ. 4491 (RJH) (HBP)

  -against-     [PROPOSED]
           SCHEDULING ORDER
1240 FIRST AVENUE, LLC, IZAK SENBAHAR
and SIMON ELIAS,

     Defendants.
----------------------------------- x

  WHEREAS, the Court issued an Order for a Conference in accordance with Fed. R. Civ. P. 16(b) on July 29, 2009 (the "Order"); and

  WHEREAS, the Order requires that the parties jointly prepare a proposed scheduling order containing certain information,

  NOW, THEREFORE, the parties hereby submit the following information as required by the Order:

  1. Description of the Case

    a. Attorneys of record: Appearing for the parties are:

    For the plaintiffs:
    Lawrence C. Weiner (LW-1492)
    Alan Wasserman (AW-3667) – *lead trial attorney*
    WILENTZ, GOLDMAN & SPITZER, P.A.
    90 Woodbridge Center Drive
    P.O. Box 10
    Woodbridge, NJ 07095
    (732) 636-8000

    For the defendants:
    Jeffrey W. Davis (JW-7170) – *lead trial attorney*
    Natan Hamerman (NH-5845)
    KRAMER LEVIN NAFTALIS & FRANKEL LLP
    1177 Avenue of the Americas
    New York, New York 10036
    (212) 715-9100

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/16/09

b.  Basis for federal jurisdiction: Plaintiff's complaint invokes a federal statute, the Interstate Land Sales Disclosure Act ("ILSA"), 15 U.S.C. § 1701 et seq. Therefore, plaintiff asserts subject matter jurisdiction pursuant to 15 U.S.C. §§ 1703, 1719 and 28 U.S.C. § 1131. There is supplemental jurisdiction over defendant's counterclaims pursuant to 28 U.S.C. § 1367.

c.  Brief description of the claims and counterclaims: This case involves a dispute concerning a contract for the sale of real property at a condominium developed by defendant 1240 First Avenue, LLC ("Defendant"), and whether the development is subject to or exempt from ILSA. Plaintiff contends, *inter alia*, that defendant was required by ILSA to register the condominium development with the Department of Housing and Urban Development ("HUD"), to provide a written property report to plaintiff, and to include certain provisions concerning completion and revocation in the contract of sale. Because defendant did not do so, plaintiff alleges that the contract can be revoked pursuant to ILSA. Plaintiff also alleges that the individual defendants, Izak Senbahar and Simon Elias ("Individual Defndants"), are developers within the meaning of ILSA. Plaintiff also asserts a claim under the New Jersey Real Estate Full Disclosure Act ("RESFDA"). Defendant disputes that it was required to register with HUD, and asserts that its condominium development was exempt from ILSA. Moreover, even if it was required to register, defendant contends that revocation is not available as a remedy to

-2-

plaintiff. The individual defendants assert that they are not developers as defined under ILSA. Defendant has further claimed in its Answer that plaintiff breached the contract by failing to close by his duly noticed cure date. Defendant also disputes that plaintiff has made out a cause of action under the RESFDA.

d. The major legal and factual issues: Plaintiff's view is that there are no material issues of fact and law that need to be resolved. Defendants have raised and intend to pursue various potential defenses including, but not limited to, the development's qualification for statutory exemptions registration under ILSA and various equitable defenses. It is defendants' position that these defenses involve issues of law and many issues of fact that require discovery.

e. Description of the relief sought: Plaintiff contends that he is entitled to revocation of the contract and return of his contract deposit, as well as interest and attorneys' fees, pursuant to ILSA. Defendant contends that it is entitled to retain the contract deposit and recover interest, costs and attorneys' fees, pursuant to the parties' contract.

2. Proposed Case Management Plan

a. Identify all pending motions: None.

b. Cutoff for joinder of additional parties: No joinder is anticipated at present.    — 0 —

c. Cutoff for amendments to pleadings: 60 days before the completion of fact discovery.    12/15/09

d. Schedule for completion of discovery:

-3-

    i.  A date for Rule 26(a)(1) disclosures: September 11, 2009.

    ii.  Completion of fact discovery: January 15, 2010.

    iii.  A date for Rule 26(a)(2) disclosures: February 1, 2010.

    iv.  Expert discovery:

      (1) Each party shall serve its expert report as to issues on which it bears the burden of proof by March 1, 2010.

      (2) Responsive expert reports by April 8, 2010.

      (3) Supplemental expert reports by April 29, 2009.

      (4) Expert discovery, including depositions, shall be completed by May 26, 2010.

  e.  <u>Deadline for dispositive motions</u>: The deadline to notice dispositive motions, unless precluded by prior court order, is May 26, 2010.

  f.  <u>Deadline for filing a final pretrial order</u>: To be determined.

  g.  <u>Anticipated Trial Schedule</u>:

    i.  Whether a jury trial is requested: Plaintiff has not made a demand for a jury trial. Defendant's position is that plaintiff has waived trial by jury.

    ii.  Probable length of trial: two days.

    iii.  When the case will be ready for trial: To be determined.

3.  Whether the Parties Consent to Proceed Before a Magistrate Judge

  a.  The parties do not so consent.

4.  Status of Settlement Discussions

  a.  <u>Whether settlement discussions have occurred</u>: Settlement discussions have not occurred since prior to the filing of the complaint.

  b.  <u>The status of any settlement discussions</u>: N/A

      c.    <u>Whether the parties request a settlement conference</u>: Based on the parties' position as expressed in informal discussion among counsel, neither party believes a settlement conference would be productive at this time, but would not object if the Court desires to schedule one.

5.    A pretrial conference shall be held on _____, 2010 at _____.


Dated:  New York, New York
           August ___, 2009

| WILENTZ, GOLDMAN & SPITZER, P.A. | KRAMER LEVIN NAFTALIS & FRANKEL LLP |
|---|---|
| By: _____<br>Lawrence C. Weiner (LW-1492)<br>Alan Wasserman, Esq. (AW-3667) | By: _____<br>Jeffrey W. Davis (JD-7170)<br>Natan M. Hamerman (NH-5845) |
| 90 Woodbridge Center Drive<br>P.O. Box 10<br>Woodbridge, NJ 07095<br>(732) 636-8000 | 1177 Avenue of the Americas<br>New York, New York 10036<br>(212) 715-9100 |
| Attorneys for Charles J. Spell | Attorneys for Defendants |

SO ORDERED:

_____
U.S.D.J.

9/15/09

KL3 2732429.2